1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTE: CHANGES MADE BY THE COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DAVALAN SALES, INC, a corporation, dba DAVALAN FRESH; CHOUMAS PRODUCE CO., INC., a corporation; EXCELL PROD, INC., a corporation;<br><br>Plaintiffs,<br><br>v.<br><br>NORTHERN PRODUCE/MUSHROOMS, INC., a corporation; MARCIA N. WEISS, an individual; JOEL H. WEISS, an individual, aka JOEY WEISS; BARRY WEISS, an individual,<br><br>Defendants. | CASE NO. 2:15-cv-04379-AB-AJW<br><br>**[~~PROPOSED~~] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION AND PRELIMINARY INJUNCTION**<br><br>**[FRCP Rule 65]** |

Upon review of the Complaint of Plaintiffs DAVALAN SALES, INC. dba DAVALAN FRESH, CHOUMAS PRODUCE CO., INC., and EXCELL PROD, INC. (collectively "Plaintiffs"), on file in the above-captioned action, and the declarations, exhibits and Memorandum of Points and Authorities in support of Plaintiffs' Application for a Temporary Restraining Order and/or Preliminary Injunction submitted therewith,

1   and it appearing to the satisfaction of the Court that this is a proper case for granting a
2   Temporary Restraining Order and Order to Show Cause.

3       IT  IS  HEREBY  ORDERED  that  Defendant  NORTHERN
4   PRODUCE/MUSHROOMS, INC., a corporation ("Northern Produce") appear in
5   Courtroom **4** of the U.S. District Court for the Central District of California, Western
6   Division, **312 N. Spring St.,** Los Angeles, CA 90012 on **August 3, 2015**, at **10:00 a.m**,
7   or as soon thereafter as the matter may be heard, then and there to show cause, if any it
8   has, why it, its agents, bankers, subsidiaries, successors, assignees, principals, employees,
9   officers, directors, shareholders, attorneys, and representatives should not be restrained
10  and preliminarily enjoined during the pendency of this action, pursuant to Rule 65 of the
11  Federal Rules of Civil Procedure, from engaging in, committing, or performing directly
12  and indirectly, any and all of the following acts:

13      A.   Removing, withdrawing, transferring, assigning or selling to any other
14  person or entity, the proceeds from the sales of any or all existing or future inventories of
15  food  or  other  products  derived  from  perishable  (including  frozen)  agricultural
16  commodities, and/or receipts of payment for products sold prior to the date of this order
17  and/or otherwise disposing of assets, books or funds;

18      B.   Taking any other action whatsoever which causes, has the effect of causing,
19  or which otherwise dissipates Plaintiffs' beneficiary interests in trust assets of the
20  Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e *et seq.*];

21      C.   Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1)
22  through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of PACA].

23      IT IS FURTHER ORDERED that Defendant Northern Produce and its owners,
24  officers, directors, shareholders, employees, agents, subsidiaries, successors, assignees,
25  principals, assignors, attorneys and persons acting in concert with them, appear at the
26  same time and place to show cause, if any they have, why they should not be commanded
27  by order of this Court and required to distribute PACA trust assets in the amount of at
28  least $47,366.04, which includes $39,678.80 in PACA Trust principal owing to Plaintiffs,

1   plus finance charges accrued through June 9, 2015, in the amount of $3,764.24, plus

2   reasonable attorney's fees in the amount of $3,523.00,  plus filing fees of $400.00 as of

3   the date hereof.

4       IT IS FURTHER ORDERED that pending the hearing and determination of the

5   foregoing Order to Show Cause, Defendant Northern Produce and its officers, directors,

6   shareholders, employees, agents, bankers, subsidiaries, successors, assignees, principals,

7   attorneys, and persons acting in concert with them shall be and hereby are prevented from

8   transferring, withdrawing or in any other manner removing Perishable Agricultural

9   Commodities Act [7 U.S.C. §499e *et seq.*] trust assets, including funds on deposit in

10  banking accounts held by or on behalf of Defendant Northern Produce, from Defendant's

11  banking accounts, including but not limited to Defendant Northern Produce's accounts

12  held at City National Bank, located at 400 N Roxbury Drive, Beverly Hills, CA 90212,

13  account number XXX-XX0076, or its centralized designated branch for service of

14  process located at 555 South Flower Street, Los Angeles, CA 90071, or any other

15  banking account standing in Northern's name or for its benefit.

16      IT IS FURTHER ORDERED that pending the hearing and determination of the

17  foregoing Order to Show Cause, and continuing thereafter, Defendant Northern Produce

18  and its owners, officers, directors, shareholders, employees, agents, subsidiaries,

19  successors, assignees, principals, assignors, attorneys and persons acting in concert with

20  them, shall be preliminarily enjoined from engaging in, committing, or performing

21  directly and indirectly, any and all of the following acts:

22      D.      Removing, withdrawing, transferring, assigning or selling to any other

23  person or entity, the proceeds from the sales of any or all existing or future inventories of

24  food or other products derived from perishable agricultural commodities, and/or receipts

25  of payment for products or crops sold prior to the date of this order and/or otherwise

26  disposing of assets, books or funds;

27      E.      Taking any other action whatsoever which causes, has the effect of causing,

28  or which otherwise dissipates Plaintiffs' beneficiary interests in the trust assets;

F.    Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of Perishable Agricultural Commodities Act ("PACA")].

IT IS FURTHER ORDERED that in the event Defendant Northern Produce lacks sufficient funds to promptly deposit the sums described above, Defendants shall be and hereby are required and ordered to:

G.    Immediately account to the Court and Plaintiffs for all assets of the PACA trust from commencement of Defendants' business through the date of this Order.

H.    Endorse any checks made, endorsed or paid, to Defendants which are trust assets and which are in their possession or obtainable by Defendants at the time of the entry of this Order, or which Defendants obtain or which become obtainable by Defendants after the entry of this Order, including but not limited to checks representing payment for sales of inventory, and shall deliver said assets within 48 hours of Defendants' receipt of them to Plaintiffs' counsel as set forth above.   Likewise, Defendants shall deliver any cash assets of the PACA trust which are in its possession or are obtainable by Defendants at the time of the entry of this order, or which Defendants obtain or which become obtainable by Defendants after entry of this Order, within 48 hours of Defendants' receipt of them to Plaintiffs' counsel.

I.    File weekly with this Court satisfactory evidence of compliance with the terms of this Order.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, and continuing thereafter, Plaintiffs and their counsel, agents, or representatives, shall have full and complete and continuing access to all of Defendants' books and records, which shall include but not necessarily be limited to, Defendants' accounts receivable and payable ledgers, invoices, ledgers, computer runs, bank statements and canceled checks, relating to Defendants' business and personal financial status from commencement of Defendants' business activities forward for the purpose of verifying Defendants' accountings required by this Order and for enforcement

of this Order.  Defendants shall, upon 48 hours notice by Plaintiffs' counsel, allow inspection and copying of the books and records of said Defendants by Plaintiffs or its representatives at Defendants' place of business.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, and continuing thereafter, Plaintiffs shall be entitled to depose, under oath, at reasonable times and places, upon at least 48 **72** hours notice, Defendant Northern Produce and/or Defendant's other principals, owners, directors, officers, shareholders, employees, agents and accountants concerning any matter pertaining to any accounting due pursuant to this Order, any books or records which Plaintiffs are entitled to inspect under this Order, the trust assets or any of Defendants' business assets, and/or Defendants' business practices, procedures or operations from commencement of Defendants' business activities.

IT IS FURTHER ORDERED that City National Bank release information to Plaintiffs' counsel about the above-described accounts, including the amounts contained in the accounts, in confidence and only to the extent necessary to verify compliance with the terms of this Order.

IT IS FURTHER ORDERED that no bond shall be required to be posted by Plaintiffs before the Temporary Restraining Order is effective.

///
///
///
///
///
///
///
///
///

1    IT IS FURTHER ORDERED that Plaintiffs shall serve Defendants with copies of

2   this Order and all pleadings and other papers in support of the Order on or before **June**

3   **29, 2015**, ~~by Federal Express with verification of receipt~~ **pursuant to Federal Rule of**

4   **Civil Procedure 4**.  Defendants shall file an Opposition, if any, to the Order to Show

5   Cause on or before **4:30 p.m.** on **July 13**, 2015, and shall personally serve Plaintiffs'

6   counsel with a copy of said Opposition by said deadline.  Plaintiffs shall file and serve a

7   Reply to Defendants' Opposition, if any, on or before **4:30 p.m.** on **July 20**, 2015.

8    **This temporary restraining order shall take effect as of 5:00 p.m. Pacific**

9   **Daylight Time on June 11, 2015.**

10

11   DATED: June 11, 2015                    _____

12                                          ANDRÉ BIROTTE JR.

13                                          U.S. DISTRICT COURT JUDGE